ORTIZ, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 366.—Decided June 29, 1918.

RECORD OF TITLE—WITNESSES TO DEED—ILLITERATE PARTIES.—In this case in the conclusion of the deed the notary made the following statement:

"Thus they covenanted and the vendor signs, but neither the vendor's wife nor the vendee signs, because they stated that they did not know how to sign. Manuel Vicil, the husband of the vendee, signs and witnesses José Delgado, Jr., and Juan Más, who say that they are residents and legally capacitated to be witnesses to this deed, sign for the parties who do not know how to sign for themselves."

The registrar refused to record the deed, because, in his opinion, the husband of the vendee signed for her at her request and in her name, as she did not know how to sign. *Held:* that although the wording of the said clause is far from perfect and appears ambiguous, when considered in connection with the context and with the conclusion of the deed it is shown clearly that the deed was signed by the vendor as well as by the husband of the vendee and that neither the wife of the vendor nor the vendee signed, because they did not know how to sign, but that the witnesses to the deed signed for them at their request.

In his brief, but not in the decision refusing to record the deed, the registrar sets up a new ground to justify his refusal to record the deed, observing that section 14 of the notarial act requires that a witness who signs for a party who does not know how to sign for himself "shall precede his signature with the note in his own handwriting that he signs for himself and for the party, in the name of said party, or parties." In this case the note written by the witness was as follows: "At the request of. Alejandrina Pomales as witness Juan Más." It was held that while the court is not obliged to consider matters which do not appear in the decision, it considers the new ground to be very trivial and too technical, for the purchaser will be always estopped from denying that she authorized the witnesses to sign in her name.

The facts are stated in the opinion.

*Mr. Luis Capó* for the appellant.

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

By a public deed executed before Notary Luis Capó Matres on July 28, 1917, Mariano Pomales and his wife, Asunción Merced, sold a property of 6.50 acres in Palmas ward of the municipality of Guayama to Alejandrina Pomales Vázquez, then the wife of Manuel Vicil. It was recited in the said

deed and admitted by the husband of the vendee that she was purchasing the property with her private funds and that there fore it should belong to her exclusively and separately. The deed was presented in the registry for the purpose of recording the property as such separate property.

In the conclusion of the deed the notary made the following statement:

"Thus they covenanted and the vendor signs, but neither the vendor's wife nor the vendee signs because they stated that they did not know how to sign. Manuel Vicil, the husband of the vendee, signs and witnesses José Delgado, Jr., and Juan Más, who say that they are residents and not legally incapacitated to be witnesses to this deed, sign for the parties who did not know how to sign for themselves."

By another deed executed before the same notary on March 4, 1918, Manuel Vicil and Alejandrina Pomales, his wife, mortgaged the same property referred to in the aforesaid deed to this appellant, Esperanza Ortiz, widow of Elías.

The registrar refused to record the first deed, holding that it was void because, according to his interpretation of the concluding clause herein transcribed, Alejandrina Pomales Vázquez, the purchaser, did not know how to sign and her husband, Manuel Vicil, signed for her at her request.

If the interpretation given to the said clause by the registrar is correct, there is no doubt that his refusal to record the deed is well founded, but it may be clearly seen from the said clause and the conclusion of the deed itself that the interpretation attempted to be given to that clause by the registrar is too technical. We cannot deny that the wording of that clause is far from perfect and that it appears to be ambiguous, but when considered in connection with the context of the deed and particularly with its conclusion, it is shown clearly that the deed was signed by vendor Mariano Pomales and Manuel Vicil, the husband of the purchaser, and that neither Asunción Merced, the wife of the vendor, nor the purchaser herself, Alejandrina Pomales, signed because

they did not know how to sign, but that the witnesses to the deed signed for them at their request.

Now, in his brief the registrar sets up a new ground to justify his refusal to record the deed, observing that section 14 of the Notarial Law requires that a witness who signs for a party who does not know how to sign for himself "shall precede his signature with the note in his own handwriting that he signs for himself and for the party, in the name of said party or parties." In this case the note written by witness Juan Más was as follows: "At the *request* of Alejandrina Pomales as witness Juan Más," and was not in the form which the registrar considers correct, or: "By me as witness and in the *name* of Alejandrina Pomales, Juan Más"; hence the registrar alleges that the said section of the Notarial Law was not followed. According to a rule well known to everyone, we must limit ourselves to deciding the objections or grounds assigned by the registrar in his decision refusing to record the deed and are not obliged to consider other matters which do not appear in the said decision. However, even considering the new ground assigned by the registrar in his brief, but not included in his decision subjoined to the deed, it appears to us to be very trivial and too technical, for the purchaser will be always estopped from denying that she authorized the witness to sign in her name.

For all the foregoing reasons we are of the opinion that section 14 of the Notarial Law has been substantially complied with and that the registrar's reasons for refusing to record the deed of sale are not well founded.

Upon refusing to record the said deed of sale the registrar entered a cautionary notice for 120 days, assigning the curable defects that the equivalent of the area of the property was not stated in the metric system and that it was not shown that the money paid for the property was the private funds of the purchaser.

We consider that there was no necessity for the registrar

to point out those curable defects after he had refused to admit the deed to record. However, as the said deed of sale is recordable because section 14 of the Notarial Law was not infringed, in recording it the registrar may assign the said defects, for they are well founded. See article 6 of the General Instructions concerning the manner of drafting public documents subject to registry in the outlying provinces, approved by Royal Order of August 13, 1893 (Morell, p. 344), article 9 of the Mortgage Law and the case of *Feliu* v. *Registrar of Property*, 16 P. R. R. 728.

As the deed of sale is recordable and the recording of the mortgage deed, which is the direct object of this appeal, depends upon it, we hold that the mortgage deed is recordable also, inasmuch as both husband and wife join in creating the mortgage.

The decisions of the registrar are reversed and it is ordered that both deeds be recorded in the manner indicated.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.